IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YOLANDA JARAMILLO,

    Plaintiff,

v.                                        No. 2:25-cv-0933 DLM/KRS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This lawsuit arises out of a motor vehicle accident. Plaintiff Yolanda Jaramillo, who sustained injuries and damages from a collision with a non-party, brings suit against her insurer, Defendant State Farm Mutual Automobile Insurance Co. (State Farm), and alleges that State Farm wrongfully denied her the full value of her underinsured motorist coverage benefits. She also asserts that State Farm acted in bad faith and violated statutory law.

State Farm moves to bifurcate and stay discovery on all claims except for Jaramillo's contract claim. (*See* Doc. 23.) State Farm argues that resolving the value of Jaramillo's UIM claim may render her other claims moot. Having reviewed the parties' arguments and the relevant law, the Court will **DENY** the motion.

**I.    Background**

On August 17, 2021, a driver rear-ended Jaramillo, who sustained physical injuries and damages as a result of the collision. (*See* Doc. 1-1 ¶¶ 7–9.) At the time of the accident, Jaramillo was insured under an automobile insurance policy issued by State Farm. (*See id.* ¶¶ 3–4.) She asserts that the policy included an invalid waiver of uninsured (UM) and/or underinsured (UIM) motorist coverage. (*See id.* ¶ 3.)

Jaramillo brings claims against State Farm for (1) negligence (*see id.* ¶¶ 10–13); (2) declaratory judgment (*see id.* ¶¶ 14–16); (3) UM/UIM coverage (*see id.* ¶¶ 17–22); (4) violations of the New Mexico Insurance Code (*see id.* ¶¶ 23–28); (5) violations of the New Mexico Unfair Practices Act (*see id.* ¶¶ 29–34); and (6) bad faith breach of contract (*see id.* ¶¶ 35–43).

State Farm asks the Court to bifurcate Jaramillo's UM/UIM claim (the contractual claim) from the remaining extra-contractual claims for purposes of discovery and trial. (*See* Doc. 23.) Jaramillo opposes the motion. (*See* Doc. 26.)

## II.     Legal Standard

While conducting a single trial is normally more efficient than conducting multiple trials, *see Silva v. State Farm Mut. Auto. Ins. Co.*, No. 1:22-cv-0370 KK/JFR, 2023 WL 4490505, at *2 (D.N.M. July 12, 2023) (citations omitted), the Court may order bifurcation "of any claim or issue '[f]or convenience, to avoid prejudice, or to expedite and economize[,]'" *see id.* (quoting Fed. R. Civ. P. 42(b)). In exercising its broad discretion to bifurcate claims, the court considers several factors, "includ[ing] judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury." *Id.* (citing *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010); *Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993); *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996)). And "[i]n light of the general principle that a single trial tends to lessen delay, expense, and inconvenience[,] the movant has the burden to show that bifurcation is warranted." *Id.* (quotation marks and citations omitted).

Similarly, the Court has discretion to limit or stay "discovery to protect a party from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ.

P. 26(c)) (citing *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008)). The movant must show that limiting or staying discovery is necessary. *See id.* (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

### III. Analysis

State Farm contends that resolution of the value of Jaramillo's UIM benefits may moot her remaining extra-contractual claims. (*See* Doc. 23 at 3–5.) It also argues that bifurcation will avoid prejudice to State Farm, conserve resources, and avoid jury confusion. (*See id.* at 4–5.) The Court finds State Farm has not met its burden to show that bifurcation is appropriate.

### A. Jaramillo's extra-contractual claims do not all hinge on the value of her UIM claim.

State Farm argues that a determination of Jaramillo's UIM benefits "is potentially dispositive of some, if not all, of [her] extra-contractual claims." (*See id.* at 3–4.) State Farm relies on *Haygood v. United Services Automobile Ass'n*, 453 P.3d 1235, 1236–37, 1241–42 (N.M. Ct. App. 2019)) to support its position that a denial of the UIM claim "would resolve [Jaramillo's] bad faith breach of contract and unfair practices act claims as a matter of law." (*Id.* at 4.) Yet *Haygood* does not support bifurcation in this case. In *Haygood*, the district court found in the insurer's favor on the plaintiff's coverage claim and then "dismissed all of his [bad faith] claims, concluding each was predicated on coverage." *See Haygood*, 453 P.3d at 1236. The New Mexico Court of Appeals agreed that a bad faith claim premised on failure to pay a covered claim "cannot arise unless there is a contractual duty to pay" and thus depends on coverage. *See id.* at 1242 (quotation marks and citation omitted). The appellate court also acknowledged, however, that not all bad faith claims are predicated on coverage. *See id.* It found that bad faith claims based on, for example, the insurer's intentional delay of decision, failure to fairly evaluate a claim, and dishonest claim handling were not coverage-dependent and thus should not have been dismissed. *See id.* at 1242–

3

43.

Cases from this district have soundly rejected State Farm's position under similar circumstances. In *Stanford v. State Farm Mutual Automobile Ins. Co.*, the court held that bad faith claims for misrepresentation of facts and policy provisions, failure to communicate, and failure to provide a reasonable explanation for the determination were "based on more than [the] allegation that [the insurer] undervalued [the] claim" and thus denied bifurcation. No. 1:24-cv-1205 JFR/SCY, 2025 WL 1684279, at *3–4 (D.N.M. June 16, 2025). In *Silva v. State Farm Mutual Automobile Ins. Co.*, the court found that claims brought under the New Mexico Unfair Insurance Practices Act for misrepresentation of facts or policy provisions, failure to promptly respond, and failure to adopt reasonable investigation and processing standards were not dependent on coverage and thus denied State Farm's motion to bifurcate. 2023 WL 4490505, at *2–4. In *Driscoll v. State Farm Mutual Automobile Ins. Co.*, the court found that extra-contractual claims for failure to act promptly, failure to timely investigate or evaluate a claim, and failure to provide a reasonable explanation of denial or settlement were "distinct and independent" of any coverage determination and thus found bifurcation was not appropriate. No. 1:22-cv-0756 LF/JFR, 2023 WL 3983871, at *5 (D.N.M. June 13, 2023). And in *Willis v. Government Employees Insurance Co.*, the court found that bad faith claims based on the insurer's services, untimeliness, and dishonestly were not contingent on the coverage claims, making bifurcation inappropriate. No. 1:13-cv-0280 KG/KK, 2015 WL 11181339, at *3 (D.N.M. June 17, 2015).

The same is true here. Jaramillo's extra-contractual claims include, for example, allegations that State Farm agents made false or misleading representations of facts or policy provisions, failed to provide a prompt and reasonable explanation of the claim determination, and did not act honestly or in a non-discriminatory manner in performing on the parties' contract. (Doc.

4

1-1 ¶¶ 24–25, 31, 38.) A determination of these claims does not turn on the value or resolution of Jaramillo's UIM coverage claim.

In sum, State Farm has not shown that Jaramillo's extra-contractual claims are contingent on the resolution of her UIM claim. Consequently, State Farm fails to show bifurcation is warranted for this reason. *See Willis*, 2015 WL 1181339, at *3.

### B. Bifurcation would neither eliminate prejudice or jury confusion nor appreciably increase efficiency or judicial economy.

State Farm argues that conducting discovery and a trial on the UIM claim first would save time and judicial resources. (*See* Doc. 23 at 4.) State Farm cites *Aragon v. Allstate Insurance Co.*, 185 F. Supp. 3d 1281, 1285 (D.N.M. 2016) and *Ortiz v. Safeco Insurance Co.*, 207 F. Supp. 3d 1216 (D.N.M. 2016) in support of its position that "[t]he parties would spend far less time and judicial resources only conducting UIM discovery without joining [the] extra-contractual claims . . . ." (*See id.*) *Aragon* and *Ortiz* are distinguishable from this lawsuit. As the *Driscoll* court explained in a similar case, "*Aragon* and *Ortiz* 'stand for the narrow proposition that to recover on a bad faith failure to pay claim, plaintiffs must first prove they are legally entitled to recover [UIM] damages.'" *See* 2023 WL 3983871, at *4 (quoting *Prescott v. Bristol W. Ins. Co.*, No. 1:18-cv-0756 KBM/JHR, 2019 WL 95929, at *3 (D.N.M. Jan. 3, 2019)). In both cases, the bad faith claims were dependent on the feasibility of the plaintiffs' damages claims. *See Ortiz*, 207 F. Supp. 3d at 1221 (noting that the plaintiff's "bad faith failure to pay claim . . . must await resolution [until] after [plaintiff] has proven that she is legally entitled to recover [UM] damages"); *Aragon*, 185 F. Supp. 3d at 1286 (finding that resolution of the plaintiff's "UIM claim is a condition precedent to" the bad faith claims and noting the plaintiff had not established she was "entitled to recover benefits") (quotation marks omitted). In this case, however, State Farm does not dispute that Jaramillo is entitled to UIM benefits, the parties only disagree about the *value* of those benefits.

5

Jaramillo argues that bifurcating discovery would unnecessarily duplicate resources, as discovery on the contractual and extra-contractual claims will overlap. (*See* Doc. 26 at 5–6 (discussing *Sena-Baker v. Allstate Prop. & Cas. Ins. Co.*, No. 1:20-cv-0492 SCY/KK, 2020 WL 5748355, at *6 (D.N.M. Sept. 25, 2020)).) In *Sena-Baker*, the court found that discovery on the plaintiff's UIM claim would be intertwined with discovery on whether the insurer's evaluation of her injuries "was frivolous or unfounded . . . ." *See* 2020 WL 5748355, at *5. Likewise, discovery on Jaramillo's injuries and UIM claim will be linked to discovery on her extra-contractual claims, including claims related to its efforts to explain and effectuate a fair and equitable settlement, whether she was compelled to institute litigation, and whether it "act[ed] honestly, promptly, in good faith, and in a non-discriminatory manner in" performing on the contract. (*See* Doc. 1-1 ¶¶ 25, 38.) "Such a situation does not easily lend itself to bifurcated discovery." *See Sena-Baker*, 2020 WL 5748355, at *5. In fact, bifurcated discovery under these circumstances "is likely to create disputes as to whether a particular discovery request or deposition question relates to the contractual" or extra-contractual claims. *See id.* at *6. Such disputes would put unnecessary strain on judicial resources.

State Farm expresses concern about "proprietary and confidential claims handling procedures and documents . . . ." (Doc. 23 at 4–5.) As the *Stanford* court found, however, "any concerns about producing propriety or privileged information" may be addressed "through a confidentiality order or filing [a] discovery motion as appropriate." *See Stanford*, 2025 WL 1684279, at *4. In short, "judicial economy is best served by allowing [Jaramillo] to proceed with all of [her] claims simultaneously." *Id.*

State Farm next contends that allowing the jury to hear evidence on Jaramillo's extra-contractual claims would confuse the jury and result in prejudice to State Farm. (*See* Doc. 23 at

6

5.) It cites *Oulds v. Principal Mutual Life Insurance Co.*, 6 F.3d 1431 (10th Cir. 1993), in support. In *Oulds*, however, as in *Aragon*, the plaintiff's bad faith claims were "based on the insurer's failure to pay her claim" and "were contingent on a finding of coverage." *See Silva*, 2023 WL 4490505, at *3 (citing *Oulds*, 6 F.3d at 1435). That is not the situation here. Regardless, State Farm fails to establish "that there is a substantial risk of juror confusion or prejudice simply because the jury will consider admissible evidence regarding both the bad faith and contract claims." *See Willis*, 2015 WL 11181339, at *4. "Jurors are often asked to comprehend issues in civil litigation that are considerably more complex than the issues in this case[,]" and any confusion or prejudice may be avoided by the use of clear jury instructions, limiting instructions, and "clear arguments by counsel . . . ." *See id.*

### IV.   Conclusion

At this time, State Farm fails to demonstrate that bifurcation is appropriate. The Court recognizes that evidence ascertained during discovery may change this analysis. *See Silva*, 2023 WL 4490505, at *4. Thus, the Court will deny the motion without prejudice to State Farm's ability to move for bifurcation later "based on new information or changed circumstances." *See id.*

**IT IS THEREFORE ORDERED** that State Farm's Motion to Bifurcate and Stay (Doc. 23) is **DENIED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
***Presiding by Consent***